IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT ROBERTS               * | |
|            Plaintiff, | |
|    v.                         * | CIVIL ACTION NO. AW-06-1695 |
| DFC. COBB                    * | |
| SHERIFF BARRY JANNEY | |
|            Defendants.  * | |
| ***  | |

## **MEMORANDUM**

This 42 U.S.C. § 1983 civil rights complaint was received for filing on July 5, 2006. Plaintiff, who is currently detained at the Cecil County Detention Center awaiting criminal proceedings, seeks a total of $4,800,000.00 in damages,[1] alleging that Defendant Cobb entered his cell on or about May 19, 2006, tossed his property around and grabbed and squeezed his broken arm. Paper No. 1. He further claims that on May 27, 2006, "via Cobb" he was denied his lithium and Cobb entered his cell and "went into the dinamics [sic] of my case called me names and became hostile." *Id*. Plaintiff additionally asserts that Cobb has made racist and inappropriate comments to him regarding his pending criminal charges. *Id*. at Attachment.

Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis. Plaintiff, who is known to this court by the name of Robert Roberts, Robert D. Roberts, Robert Darnell Roberts, and Abdullah Rahiym Ibn Talal, is a well-known past frequent filer in this district. A review of his prior filings shows that he has accumulated three "strikes" or dismissals of his prior prisoner civil actions pursuant to 28 U.S.C. § 1915(e).[2]

---

[1] Plaintiff also asks that an investigation be conducted as to why "Afro-American officers are fired for having sex with inmates but, Whites aren't for beating Blacks." Paper No. 1.

[2] *See Roberts v. Graham*, Civil Action No. S-93-2903 (D. Md.) (dismissed October 19, 1993); *Roberts v. Dykes*, Civil Action No. N-94-1218 (D. Md.) (dismissed May 18, 1994); *Roberts v. Beshears, et al.*, Civil Action No. AW-97-1529 (D. Md.) (dismissed May 14, 1997); *Talal v. Hindenlang*, Civil Action No. AW-98-

28 U.S.C. § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in ac civil action or proceeding under this section if the prisoner on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court finds that Plaintiff's allegations do not meet the standard for demonstrating that he is under imminent danger of serious injury.[3]  *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *see also Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (en banc). Thus, he is not entitled to leave to proceed in forma pauperis.

A separate order will be entered denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismissing the action without prejudice. Plaintiff is advised that he may re-file this action upon payment of the $350.00 civil filing fee.

Date: July 13, 2006              _____/s/_____
                                 Alexander Williams Jr.
                                 United States District Judge

---

4171 (D. Md.) (dismissed January 15, 1999); and *Talal v. Sondervan, et al.,* Civil Acton No. AW-99-2087 (D. Md.) (dismissed on August 2, 1999). This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate. *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issued a § 1915(g) dismissal).

[3]  In his attachment Plaintiff claims that Cobb threatened to harm him "whenever he gets the chance" and he is "waiting to be assaulted again." Paper No. 1 at Attachment. Given the extent of: the alleged May, 2005 assault; the mere verbal threat of harm alleged; the relief request filed by Plaintiff; and fact that the complaint was filed almost one month after the dated incidents occurred, the court finds no exceptional circumstances for waiving § 1915(g) restrictions.